PER CURIAM.
Appellant, David J. Lockwood, seeks review of the denial of his motion for post-conviction relief pursuant to Florida Rule of Appellate Procedure 9.140(g) (1984). We affirm.
Appellant makes numerous allegations. We discuss only the claim that his sentence under Count III is illegal because it is in excess of the amount allowed by law.
The jury found appellant guilty of conspiracy to commit burglary, possession of burglary tools, and attempted burglary. A copy of the sentencing documents indicates that he was sentenced to one year on the charge of conspiracy to commit burglary, ten years for the possession of burglary tools and ten years on the attempted burglary charge. All three sentences were to be served concurrently.
Appellant argues that the attempted burglary charge was improperly treated as a second degree felony. He claims that to find that the attempt was a second degree felony, the specific crime attempted had to be considered first degree felony burglary under section 777.04(4)(b), Florida Statutes (1981). He claims that because the attempted burglary did not involve any dangerous weapons or a dwelling, and there was not a human being in the building, the burglary, if it had been completed, would have been considered a third degree felony pursuant to section 810.02, Florida Statutes (1981). Appellant states that under section 777.04, Florida Statutes (1981), an attempt of a third degree felony is considered a first degree misdemeanor. The sentence for a first degree misdemeanor must not exceed one year under section 775.02, Florida Statutes (1981). In this situation, appellant contends, even under the enhancement statute, the sentence may not exceed three years pursuant to section 775.084(4)(b)(l), Florida Statutes (1981).
Appellant’s argument must fail because an attempt of any burglary is a felony of the third degree pursuant to section 777.04(4)(c), Florida Statutes (1981). Williams v. State, 386 So.2d 631 (Fla.2d DCA 1980). Under section 777.04(4)(c), a defendant may be sentenced under section 775.084, Florida Statutes (1981), which provides for enhanced sentences for habitual felony offenders. Under that section, a third degree felony is punishable by a sentence not exceeding ten years. § 775.-084(4)(a)(3), Fla. Stat. (1981). From the transcript of the sentencing hearing in this case, it is clear that the court found that this section applied to appellant. Therefore, appellant’s ten year sentence was properly imposed. For this reason, we affirm the trial court’s denial of appellant’s motion for post-conviction relief.
We note, however, that the judgment and sentencing documents reflect that appellant was convicted of a second degree felony. Aside from the provisions of section 777.04, this notation is inconsistent with the information because appellant was charged with third degree felony burglary. Therefore, there appears to be an error in the judgment and sentencing documents. We remand to the trial court for correction of those documents in accordance with this opinion.
HOBSON, A.C.J., and GRIMES and CAMPBELL, JJ., concur.